FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LULZIM KUPA,
                  Petitioner,

- against -

UNITED STATES OF AMERICA,

                  Respondent.
----------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-08-3319 (BMC)

**COGAN, District Judge**

    This matter is before the Court on petitioner's 28 U.S.C. § 2255 petition to vacate his sentence. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

    Petitioner was arrested on December 12, 2006 for conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana. At the time of his arrest, petitioner was serving concurrent terms of supervised release on three prior cases (07-CR-255 (BMC), 99-CR-160 (BMC), and 99-CR-1146 (CPS)). Petitioner pled guilty before this Court (in 06-CR-816 (BMC)) to the lesser-included offense of conspiring to distribute and possess with intent to distribute forty pounds of marijuana.

    On July 26, 2007, the Court sentenced petitioner to a term of 30 months' imprisonment, a sentence within the applicable guidelines range given the offense of conviction and petitioner's criminal history. The Court also imposed a sentence of 24 months' imprisonment for the supervised release violations in the three prior matters, with one year of that sentence to run concurrent to the 30-month sentence and one year to run consecutively.

Petitioner appealed his sentence on October 11, 2007. On direct appeal, petitioner claimed that the Court erred by counting his prior state conviction in calculating his criminal history category.[1] The Second Circuit dismissed petitioner's appeal based on the waiver of appellate rights contained in his plea agreement. Petitioner timely filed the instant § 2255 petition on August 13, 2008.

Subsequent to petitioner's sentence, Ronato Montano, one of petitioner's co-defendants in 99-CR-1146, pled guilty to a violation of supervised release in that action based on his arrest in the Southern District of Florida on a racketeering indictment (04-Cr-60006). Senior Judge Charles P. Sifton sentenced Montano on November 27, 2007 to 12 months' imprisonment on that violation, to run concurrently with his sentence in the Florida action.

## DISCUSSION

Petitioner has raised one ground for relief in his § 2255 petition – he seeks to have the Court vacate his current sentence and resentence him to "equalize the sentencing disparity" between the sentences imposed on petitioner and his prior co-defendant for violations of their supervised release. He claims that his two-year sentence for violation of supervised release "seems harsh and unwarranted" as compared to Montano's one-year sentence, given that the two had been co-defendants in prior federal actions. Petitioner also contends that the alleged sentencing inconsistency is "one of concern" because the underlying crimes that formed the bases for Montano's violation of supervised release

---

[1] The government asserts that petitioner's § 2255 petition is procedurally barred because he did not raise his sentencing disparity claim on direct appeal. However, the grounds for this claim were non-existent at the time petitioner sought direct review – his co-defendant was not sentenced until after petitioner had already filed his appeal in the Second Circuit. Thus, petitioner is not procedurally barred from raising the claim at this point.

2

sentence (i.e., those for which he was convicted in the Southern District of Florida), were "far more egregious" than the drug conspiracy to which petitioner pled guilty.

It is well-settled that "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995). Disparities in sentences among co-defendants generally do not give rise to a cognizable claim under § 2255. E.g., id. ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants."); He v. United States, No. 98-CIV-7968, 94-CR-183, 2000 WL 460449, at *2 (S.D.N.Y. Apr. 19, 2000) ("[A]s the Second Circuit has repeatedly recognized, a criminal defendant has no right to achieve sentencing parity with his co-defendants."); Jackson v. United States, No. 98-CV-363, 1998 WL 360890, at *3 (N.D.N.Y. June 29, 1998) (rejecting petitioner's § 2255 petition to modify his sentence to remedy a disparity between his sentence and a later-sentenced co-defendant).

To obtain the requested relief under § 2255, petitioner must have alleged a constitutional or jurisdictional defect in his sentencing or an error of fact or law. E.g., He, 2000 WL 460449, at *2 ("Absent some indication of a constitutional or other fundamental error making the sentencing proceeding invalid . . . [§ 2255] does not permit me to reduce [defendant's] lawfully imposed sentence simply because it seems to him unfairly lengthy compared to the sentences of his co-defendants . . . ."). Petitioner has alleged no such defects in his sentencing proceeding. Moreover, petitioner's sentence

was within the acceptable statutory range for both his offense and the violation of his supervised release. Petitioner's claim for relief is thus meritless, and his petition must be dismissed.

## CONCLUSION

For the reasons stated above, petitioner's § 2255 petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this Order would not be taken in good faith. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
December 23, 2008